1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TRAVIS SKAGGS,

11           Plaintiff,                    No. 2:10-cv-02543 JAM KJN

12      v.

13   NCO FINANCIAL SYSTEMS, INC.,

14           Defendant.              ORDER AND ORDER TO SHOW CAUSE
     _____/

15

16           Presently before the court is plaintiff's unopposed Motion for Third Party to Show

17   Cause, filed pursuant to Federal Rules of Civil Procedure 37 and 45.[1]  (Pl.'s Mot. for Third Party

18   to Show Cause ("Pl.'s Motion") at 2, Dkt. No. 13.)  Plaintiff ultimately seeks an order

19   compelling compliance by Verizon Legal Compliance, a non-party, with a discovery subpoena

20   served by plaintiff on Verizon California, Inc. through which plaintiff requested the production

21   of telephone records for a specific telephone number for a period of one year.  Plaintiff's pending

22   motion requests that the court enter an order requiring Verizon Legal Compliance to show cause

23   why it has not complied with plaintiff's subpoena.

24           Because oral argument would not materially aid the resolution of the pending

25   _____

26        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

1    motion, this matter is submitted on the briefs and record without a hearing.  See Fed. R. Civ.

2    P. 78(b); E. Dist. Local Rule 230(g).  The undersigned has fully considered plaintiff's motion and

3    appropriate portions of the record in this case and, for the reasons that follow, grants plaintiff's

4    Motion for Third Party to Show Cause.  The undersigned further orders Verizon Legal

5    Compliance and/or Verizon California, Inc. to show cause why the Verizon entities failed to

6    respond to plaintiff's subpoena and why the subpoena should not be enforced.

7    I.    BACKGROUND

8             Plaintiff's verified complaint alleges that defendant violated the Fair Debt

9    Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").  (See Compl. ¶¶ 1, 16.)  Plaintiff

10   alleges that defendant is a debt collector that placed numerous telephone calls to plaintiff wherein

11   defendant asked to speak with Frances Skaggs.  (Id. ¶ 11)  Plaintiff alleges that defendant made

12   these calls in support of its efforts to collect a debt owed by someone other than plaintiff,

13   ostensibly Frances Skaggs.  (See id. ¶¶ 9, 11.)  Plaintiff further alleges that defendant continued

14   to place collection calls directly to him after plaintiff repeatedly informed defendant that plaintiff

15   was not the consumer that was the subject of defendant's debt collection efforts.  (Id. ¶¶ 14-15.)

16   Plaintiff seeks statutory damages of $1,000 and attorney's fees and costs pursuant to the FDCPA.

17   (Id. ¶¶ 17-18.)

18             Defendant filed an answer to plaintiff's complaint, and United States District

19   Judge John A. Mendez entered a Status (Pretrial Scheduling) Order in this case.  (Answer, Dkt.

20   No. 7; Status (Pretrial Scheduling) Order, Dkt. No. 9.)  Relevant here, the discovery cut-off in

21   this case is presently set for July 29, 2011.  (See Order to Continue Trial & Related Dates,

22   Mar. 23, 2011, Dkt. No. 15.)

23             Underlying this discovery dispute is a subpoena that plaintiff served on Verizon

24   California, Inc. ("Verizon") on January 27, 2011, pursuant to Federal Rule of Civil Procedure 45.

25   (Pl.'s Mot., Ex. A.)  The subpoena commanded Verizon to produce "[a]ll records evidencing

26   incoming telephone calls to phone number 727-522-4263 from 09/20/2009 to 09-20/2010."  (Id.)

2

1  Plaintiff alleges that this telephone number is his work telephone number.  (Compl. ¶ 13.)  The

2  subpoena commanded production by Verizon to plaintiff on February 25, 2011, at plaintiff's

3  counsel's office.  (Pl.'s Motion, Ex. A.)

4          Verizon did not serve an objection to the subpoena on plaintiff, nor did it file a

5  motion to quash the subpoena or a motion for a protective order.  Instead, on January 28, 2011,

6  Michael Sturgill, of Verizon Legal Compliance, sent a letter to plaintiff's counsel.  (Pl.'s Motion,

7  Ex. B.)

8          Mr. Sturgill's letter first requested that plaintiff's counsel "provide Verizon with a

9  copy of the certificate of service upon all parties to the action."  (Id.)  Plaintiff represents in its

10 motion that his counsel "has offered to comply with Verizon's request for proof of service," and

11 has appended a proof of service of the original subpoena to the motion.  (Pl.'s Motion at 2:23-24

12 & Ex. C.)  Plaintiff served its moving papers on Verizon Legal Compliance.

13         Mr. Sturgill's letter also states the following in response to the subpoena:

14         Please note, Verizon does not track, in the normal course of business,
           incoming and outgoing non-toll calls.  Verizon may be able to retrieve
15         these types of calls from our switches through what we call a "Special
           Computer Search," but not all calls may be retrievable.  Moreover, call
16         retention information varies for different Verizon entities and numbers,
           although generally, call information is available between 2– 4 years for
17         some telephone numbers.

18 (Pl.'s Motion, Ex. B.)  The letter further represents that Verizon charges a fee of $1,000 to

19 retrieve records via a Special Computer Search for a period of "30 consecutive days or a calendar

20 month."  (Id.)  Finally, the letter states: "Please advise our office if you would like us to proceed

21 with a Special Computer Search."  (Id.)  It is unclear from plaintiff's moving papers whether

22 plaintiff responded to Mr. Sturgill's letter.

23         For its part, defendant has asserted no objection or filed an opposition to

24 plaintiff's motion.  Indeed, it appears that defendant believes that resolution of the telephone

25 records issue would move this case forward, and that position is reflected in the parties'

26 stipulation and proposed order seeking to continue, among other things, the discovery cut-off in

                                            3

1   this case.  (Stip. to Continue Trial & Related Dates, Dkt. No. 14.)  In that stipulation, the parties

2   represent that "the number and pattern of calls Defendant NCO made to Plaintiff is central to

3   Plaintiff's claim."  (Id. ¶ 2.)  The stipulation further represents that: (1) "[o]nce phone records are

4   obtained and a record of the number and pattern of calls is established, the parties will be in a

5   position to engage in settlement discussions"; and (2) "Defendant NCO intends to depose

6   plaintiff after the phone records are obtained and before filing a dispositive motion."  (Id. ¶ 4.)

7   Thus, defendant appears to believe that the case can move forward, or might even be the proper

8   subject of settlement discussions, once the issue regarding the telephone records has been

9   resolved.

10  II.    DISCUSSION

11          Plaintiff's primary complaint is that Verizon failed to respond to the subpoena

12  and, instead, attempted to charge plaintiff an exorbitant fee to recover the records at issue.  As a

13  practical matter, in order for plaintiff to obtain the telephone records covering a period of one

14  year, plaintiff would potentially have to pay Verizon approximately $12,000 based on Verizon's

15  fee schedule for Special Computer Searches.  Plaintiff objects to this fee in light of the fact that

16  the telephone records at issue are central to his case, as well as the fact that he is only seeking

17  $1,000 in statutory damages and attorney's fees and costs.  Thus, it is evident that plaintiff might

18  have to spend more money than the suit is potentially worth in order to secure Verizon's

19  compliance with the subpoena.

20          A party may serve a subpoena on a non-party pursuant to Federal Rule of Civil

21  Procedure 45 in order to obtain, among other things, documents or electronically stored

22  information.  See Fed. R. Civ. P. 45(a)(1)(iii), (C), (D).  The scope of discovery under a Rule 45

23  subpoena is the same as that applicable to a request for production served under Federal Rule of

24  Civil Procedure 34.  See Fed. R. Civ. P. 45, advisory committee's notes to 1970 amendments

25  (stating that "the scope of discovery through a subpoena is the same as that applicable to Rule 34

26  and the other discovery rules"); accord Del Campo v. Kennedy, 236 F.R.D. 454, 457 (N.D. Cal.

4

1   2006).  In this regard, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may

2   obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or

3   defense."  See also Del Campo, 236 F.R.D. at 457 ("Under Rule 34, the rule governing the

4   production of documents between parties, the proper scope of discovery is as specified in Rule

5   26(b).").  Rule 26(b)(1) further provides that "[r]elevant information need not be admissible at

6   the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

7   evidence."  Fed. R. Civ. P. 26(b)(1).

8           In responding to a Rule 45 subpoena, a non-party must produce documents "as

9   they are kept in the ordinary course of business or must organize and label them to correspond to

10   the categories in the demand."  Fed. R. Civ. P. 45(d)(1)(A).  If the subpoena does not specify a

11   format for production of electronically stored information, the responding party "must produce it

12   in a form or forms in which it is ordinarily maintained or in a reasonably useable form or forms."

13   Fed. R. Civ. P. 45(d)(1)(B).  However, the responding person "need not provide discovery of

14   electronically stored information from sources that the person identifies as not reasonably

15   accessible because of undue burden or cost."  Fed. R. Civ. P. 45(d)(1)(D).  In a motion to compel

16   production of such information, or to protect a non-party from such discovery, "the person

17   responding must show that the information is not reasonably accessible because of undue burden

18   or cost."  Id.  If the responding person makes this showing, "the court may nonetheless order the

19   discovery from such sources if the requesting party shows good cause," but may also specify

20   conditions for the discovery.  Id.  "The issuing court may hold in contempt a person who, having

21   been served, fails without adequate excuse to obey the subpoena."  Fed. R. Civ. P. 45(e).

22           Here, plaintiff's subpoena seeks the production of documents, electronically

23   stored information, or both.  It is beyond dispute that plaintiff seeks documents and information

24   that are relevant to his lawsuit.  Plaintiff and defendant agree that the number of telephone calls

25   made to plaintiff is "central" to plaintiff's case.

26           Again, Verizon did not serve objections to the subpoena pursuant to Federal Rule

5

1   of Civil Procedure 45(c)(2)(B), move to quash the subpoena pursuant to Rule 45(c)(3), or seek a

2   protective order pursuant to Rule 26(c).  Additionally, Verizon has not appeared in this action to

3   file a written opposition or other response to the pending motion.  Thus, the court cannot

4   ascertain Verizon's or Verizon Legal Compliance's specific basis for its fee of $1,000 for a

5   Special Computer Search that covers a calendar month.  It is not clear whether this fee is simply

6   imposed to deter requests for telephone records, or if there is some undue burden or cost actually

7   implicated by plaintiff's request for telephone records.

8          Given that plaintiff's subpoena seeks highly relevant material, and without more

9   explanation from Verizon, the undersigned grants plaintiff's motion.  As more specifically stated

10  below, the undersigned orders Verizon and/or Verizon Legal Compliance to show cause in

11  writing why plaintiff's subpoena should not be enforced.

12  III.    CONCLUSION

13         For the foregoing reasons, IT IS HEREBY ORDERED that:

14         1.    Plaintiff's Motion for Third Party to Show Cause is submitted on the

15  briefs and record in this case, and the April 28, 2011 hearing on plaintiff's motion is vacated.

16         2.    Plaintiff's Motion for Third Party to Show Cause (Dkt. No. 13) is granted.

17         3.    Within seven days of the entry of this order, plaintiff shall serve a copy of

18  this order and Verizon Legal Compliance's letter dated January 28, 2011, on Verizon California,

19  Inc. and Verizon Legal Compliance.  Within seven days of such service, plaintiff shall file with

20  the court a written notice that such service has been effectuated on Verizon California, Inc. and

21  Verizon Legal Compliance.

22         4.    The Clerk of Court is also directed to serve a copy of this order on Verizon

23  Legal Compliance at the following address:

24         Verizon Legal Compliance
           c/o Michael Sturgill
25         P.O. Box 1001
           San Angelo, TX 21030
26         (410) 393-6274

6

5.      On or before May 13, 2011, Verizon California, Inc. and/or Verizon Legal Compliance shall show cause in writing why plaintiff's Rule 45 subpoena should not be enforced.  The Verizon entities' response must:

a.      Explain why Verizon California, Inc. or Verizon Legal Compliance failed to object to plaintiff's subpoena, move to quash the subpoena, or seek a protective order in response to the subpoena.

b.      Explain what actual, undue burden or cost, if any, justifies non-compliance with the subpoena.  In doing so, the Verizon entities shall explain, with a supporting declaration signed under penalty of perjury by an appropriate representative, what the actual cost is for Verizon to conduct a Special Computer Search for records that cover a period of one calendar month.

c.      Address whether the Verizon entities: (i) made any attempt to ascertain the actual cost for compliance with plaintiff's subpoena in this case before Mr. Sturgill transmitted his January 28, 2011 letter to plaintiff's counsel; and (ii) made any attempt to assess whether it could partially comply with the subpoena without conducting a Special Computer Search.

d.      Address why the court should not hold the Verizon entities in contempt pursuant to Federal Rule of Civil Procedure 45(e) and order the Verizon entities to pay the reasonable attorney's fees and costs incurred by plaintiff as a result of having to bring the pending motion.

////
////
////
////
////
////

6.      Plaintiff may file a reply to the Verizon entities' response no later than seven days after the Verizon entities file their response with the court.  However, if appropriate, the undersigned might rule on the motion after receipt of the Verizon entities' response and before plaintiff files a reply.

IT IS SO ORDERED.

DATED:  April 22, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE